# SUPERIOR COURT

OF THE

# STATE OF DELAWARE

Jeffrey J Clark
Judge

Kent County Courthouse
38 The Green
Dover, DE  19901
302-735-2111

March 22, 2017

Brandon Eskridge
James T. Vaughn Correctional Center
1181 Paddock Road
Smryna, DE  19977

Joseph C. Handlon, DAG
Department of Justice
820 North French Street
Wilmington, DE  19801

> RE: *Eskridge v. Warden Jim Hutchins, et al.*
> *C.A. No. K16C-10-009 JJC*

Submitted:  February 17, 2017
Decided:  March 22, 2017

Dear Mr. Eskridge and Mr. Handlon:

This suit involves alleged injuries caused by a carbon monoxide leak at the Department of Correction's Morris Community Corrections Center (hereinafter "MCCC").  This is my letter decision regarding the Defendants' motion to dismiss.  The decision on this motion turns on pleading requirements in state courts for federal claims brought pursuant to 42 USC § 1983 (hereinafter "Section 1983 claims"), and sovereign immunity.

Here, Plaintiff Brandon Eskridge's (hereinafter "Mr. Eskridge's") claims include conclusory statements that sufficiently allege the elements of a Section 1983 claim against two of the six Department of Correction defendants.  The Court finds, however, that Section 1983 claims brought in Delaware State courts are properly evaluated pursuant to the plausibility standard, as in the federal courts.

1

Such claims require allegations of sufficient facts to establish the plausibility of a plaintiff's claims. For the reasons set forth herein, the Complaint does not plausibly allege Section 1983 claims against any of the named defendants. Accordingly, they are dismissed pursuant to Superior Court Civil Rule 12(b)(6).

Furthermore, Mr. Eskridge's complaint can be fairly read as including personal injury claims against Department of Correction officials and employees. For the reasons discussed below, any such state law claims are barred by sovereign immunity. Accordingly, Mr. Eskridge's state law personal injury claims are also dismissed for that reason.

## Background

Here, Mr. Eskridge sues six Department of Correction employees ("Defendants") ranging in rank from the Warden of MCCC through two sergeants directly responsible for his supervision on the day in question. The facts cited herein are those alleged by Mr. Eskridge in his Complaint and are taken as true for purposes of this motion.

On June 21, 2016, Mr. Eskridge and sixty-seven other inmates suffered personal injuries caused by carbon monoxide poisoning while inmates at MCCC. Without specifying the nature of his claims other than they are (1) "personal injury claims" that are also brought under (2) "Unsafe Hazardous Substance Conditions (MTOX)", he sues two correctional officers for not taking action when he and fellow inmates became sick. He also names four Department of Correction supervisory level employees for being reckless and callously indifferent, and for not properly addressing a grievance regarding the incident.

Although Mr. Eskridge does not specifically cite 42 U.S.C. § 1983 in his suit, he alleges that Defendants deprived him of his constitutional rights through their callous indifference and recklessness. In the context of Section 1983 claims, the United States Supreme Court has recognized that "deliberate indifference to

2

serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain . . . proscribed by the Eighth Amendment" to the United States Constitution.[1] Furthermore, where state officials are sued pursuant to Section 1983, the presumption is that the officials are sued in their individual capacities.[2] Here, he does not allege the capacities of the Defendants, which in turn creates a threshold issue in evaluating available defenses. In applying the most deferential reading to Mr. Eskridge's Complaint, the Court will evaluate his Section 1983 claims as though they are raised against the Defendants in their individual capacities.[3]

Defendants move for dismissal pursuant to Superior Court Civil Rule 12(b)(6) alleging that they are immune from state law claims pursuant to the State Tort Claims Act,[4] and are otherwise immune from this suit. The Defendants also allege that except for the two sergeants who were on the floor at the time of the alleged injury, the complaint alleges no personal involvement on their part that would engender liability under Section 1983. Furthermore, the Defendants argue that, notwithstanding Mr. Eskridge's allegations of the two sergeants' direct involvement, he does not allege that they had knowledge of a serious risk of harm and were indifferent to it or unreasonably responded to it.[5] In response to the motion to dismiss, Mr. Eskridge filed a letter with the Court that did not address the substantive arguments raised by the Defendants. Rather, he requests assistance with discovery.

---

[1] *Erickson v. Pardus*, 551 U.S. 89, 90 (2007). The elements of §1983 claims include that (1) the conduct complained of must be committed by a person acting under color of state law; and (2) the conduct must deprive a person of rights, privileges, or immunities secured by the Constitution or laws of the United States. 42 USC § 1983.

[2] Stephen H. Steinglass, *Section 1983 Litigation in State Courts* § 12:5 (2016)(citations omitted).

[3] If these Sections 1983 claim were asserted against the Defendants in their official capacities as state officials, the claims would be barred. *See Ringer v. Smith* 1994 WL 750319, at *2 (Del. Super. Ct. Nov. 23, 1994) *aff'd* Del. Supr., 655 A.2d 308 (1995)(holding that state officials cannot be sued in their official capacities under Section 1983 because the United States Supreme Court has held that neither states or state officials sued in their official capacities qualify as persons under Section 1983).

[4] 10 *Del. C.* § 4001

[5] *See Farmer v. Brennan*, 511 U.S. 825, 834 & 845 (1990)(requiring in the Eighth Amendment context, a showing (1) that the prison official showed deliberate indifference (2) to a substantial risk of serious harm).

**Delaware's Notice Pleading Standards and Pleading Standards for Section 1983 Claims**

When deciding a motion to dismiss for failure to state a claim, the Court must accept as true all well-pleaded allegations in the complaint.[6] With few exceptions, the test for sufficiency is a broad one: the complaint will survive the motion to dismiss so long as "a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[7]

The standard for sufficiency in pleading Section 1983 claims, however, has been far from uniform. First, this seems to be in part because many federal courts have required plaintiffs, notwithstanding notice pleading requirements in the Federal Rules, to set forth facts establishing the plausibility of their claims (rather than mere conceivability). Arguments against such a heightened pleading standard include that neither the Federal Rules of Civil Procedure nor Section 1983 itself require heightened pleading.

After considering the matter, the Court holds that a Section 1983 claimant in a Delaware State court must plead his or her claim with sufficient particularity to satisfy the plausibility standard. The Court bases its decision on (1) the standard articulated by the United States Supreme Court for federal courts in Section 1983 pleading; and (2) the application of a heightened pleadings standard in a significant number of Delaware Superior Court decisions issued to date.

The United States Supreme Court examined Section 1983 pleading requirements in the context of a motion to dismiss in *Ashcroft v. Iqbal.*[8] There, the United States Supreme Court held that

> [t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is

---

[6] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).
[7] *Id.*
[8] 556 U.S. 662 (2009).

plausible on its face . . . ." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . [I]t asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice. [9]

Even though Section 1983 claims are federal causes of action, it is not a *fait accompli* that state courts hearing these federal claims are bound to apply federal pleading requirements.[10] Delaware Superior Court Civil Rule 8(a) and 8(e) require only the notice pleading standard described above. In addition, Section 1983 claims are not included within the heightened pleading standard of Superior Court Civil Rule 9.

In this instance, the Court finds it appropriate to afford considerable deference to the United States Supreme Court's procedural requirements regarding this federal law cause of action. In large part, it is appropriate when considering that the Federal Rules of Civil Procedure do not vary from the Superior Court Civil Rule pleading requirements in relevant part.

Furthermore, while other Superior Court Rule 12(b)(6) decisions to date have not articulated their decisions in terms of the plausibility standard, it is clear that most are in fact applying this heightened pleading requirement in Section 1983 actions. Defendants cite one such decision in *Carta v. Danburg*.[11] There, the complaint alleged that two higher level Correction officials had actual knowledge that a culture of violence existed at one Correction facility where correctional officers allegedly abused inmates.[12] The allegations included that these supervisory officials were liable for the abuse of an inmate. In furtherance of his

---

[9] *Id.* at 678 (citations omitted).

[10] *See* Steven H. Steinglass, *Section 1983 Litigation in State Courts* § 12.7 (2016) (discussing how some State courts mirror the Federal Pleading standards for Section 1983 actions, but the absence of a requirement to do so).

[11] 2012 WL 1537167 (Del. Super. Ct. Apr. 30, 2012).

[12] *Id.* at *2

complaint, the plaintiff alleged three specific prior incidents of abuse at that facility that were known to the officials, but the officials nevertheless disregarded those conditions with deliberate indifference.[13] There, the Superior Court examined the facts, accepted them as true, but determined that

> the existence of a few cases of [prior] alleged inmate abuse over the period of time involved here, accepted as true, is, without more, insufficient to plead a claim against the defendants upon which relief is granted under [Section 1983].[14]

Likewise, in *Elliott v. Danberg*, the Superior Court examined a Section 1983 claim where supervisory level employees were alleged to have been reckless and wanton.[15] Although including barer facts than those alleged in the *Carta* case, the claims against the supervisory level employees set forth the elements of a claim and included a claim of wantonness and recklessness,[16] which cannot be said to diverge from the subjective standard of deliberate indifference. In other words, the plaintiff made a conclusory allegation including the elements of a Section 1983 claim as to the supervisory level employees. Nevertheless, because specific facts were not alleged supporting the claim against the supervisory level employees, the Superior Court dismissed the claim.

Most recently, in *Eaton v. Coupe*, the Superior Court applied a heightened pleadings standard in the Section 1983 context.[17] There, the Court, would not "accept conclusory allegations unsupported by specific facts," nor would it "draw unreasonable inferences in favor of the nonmoving party."[18] The allegations in that Section 1983 claim included, *inter alia*, that an inmate was subject to retaliation for being removed from employment after acting as a whistleblower against the

---

[13] *Id.*
[14] *Id.* at * 3. Of note, the Superior Court in this decision described its review as being under the conceivability standard. *Id*. at *1. However, in reviewing the facts alleged and finding them sufficient, the Court in that case was in fact applying the plausibility standard.
[15] 2013 WL 6407676, at * 2 (Del. Super. Ct. Dec. 6, 2013).
[16] *Id.*
[17] 2017 WL 626614 (Del. Super Ct. Feb. 14, 2017).
[18] *Id*. at *4 (citation omitted).

Deputy Warden, and also that the Deputy Warden had taken similar previous action against others.[19] In a granular review of the facts alleged in the complaint, the Court held that the complaint "wholly fails to state facts sufficient for the Court to infer that each Defendant acted 'affirmatively" to violate Plaintiff's" constitutional rights. Accordingly, the Court dismissed that complaint pursuant to Rule 12(b)(6). On balance, Delaware Superior Courts have applied, without the nomenclature, the plausibility standard adopted by the federal courts when evaluating Section 1983 pleading.[20]

## Section 1983 Claims

Mr. Eskridge's claims against the four Defendants who are identified as either supervisory level employees, or in one case, the Lieutenant responsible for denying Mr. Eskridge's grievance, are appropriately dismissed. Mr. Eskridge does not state a claim upon which relief can be granted against those Defendants. First, in a Section 1983 action, state actors cannot be held vicariously liable pursuant to the principle of *respondeat superior*.[21] Furthermore, Mr. Eskridge alleges no facts permitting any inference that these supervisory employees (1) knew of the actions generating his complaint; (2) had personal involvement in the matter; or (3) established or executed polices resulting in his exposure to carbon monoxide. Without allegations of such knowledge or actions, there is not a sufficient allegation that they had the subjective motivation or involvement necessary to have acted with the deliberate indifference necessary for liability under Section 1983.[22]

---

[19] *Id.* at *1.

[20] *But see Smith v. First Correctional Medical, LLC*, 2005 WL 1953118, at *3 (Del. Super Ct. July 14, 2005) (denying a motion to dismiss pursuant to Rule 12(b)(6) by referring to conceivability requirements, but analyzing the facts that a medical provider had an improper profit motive to improperly treat serious medical conditions, which supported the inference that a defendant acted with deliberate indifference in not addressing serious medical needs in violation of the Eight Amendment).

[21] *Hall v. McGuigan*, 743 A.2d 1197, 1205 (Del. Super. 1999).

[22] *See* 15 Am.Jur.2d §§ 293 & 294, 329-30 (2011)(recognizing that "'deliberate indifference is a stringent standard of fault under § 1983" and that an "individual defendant in a § 1983 action can be held liable only upon a showing that he or she was personally responsible, or personally involved in the deprivation of rights which is the basis for the suit").

As in *Elliott v. Danberg*, Mr. Eskridge sues these four supervisory level employees, and cursorily concludes that they acted with "callous indifference." For purposes of this analysis, the Court considers the alleged "callous indifference" to be the same as "deliberate indifference." No facts are cited in the complaint, however, that can be woven together to provide any plausible inference that these four employees had any personal involvement or any knowledge of the carbon monoxide issue prior to the incident. Pleading that these four individuals were callously indifferent to the deprivation of Mr. Eskridge's rights, and that this caused him the loss of these rights may survive notice pleadings standards. It does not, however, meet plausibility standards.

Mr. Eskridge claims against Sergeants Russell and Stanley, however, are a closer call. Namely, he alleges they were deliberately indifferent to his constitutional rights by ignoring Mr. Eskridge's complaints that they were being sickened by what later was determined to be carbon monoxide. Evaluating the facts, as alleged, however, leaves only an **im**plausible inference that the two officers in the facility were deliberately indifferent. Namely, as alleged, they in fact disbelieved that the inmates were sick. They suspected that they were using illegal substances. As further alleged, as soon as the officers began feeling sick, and appreciated the risks involved, emergency personnel were immediately called. The most striking fact alleged in the Complaint that makes Mr. Eskridge's claim not plausible is that these two Defendants were in the same facility, subjected to the same risks and exposure as he and the other inmates. Because subjective disregard of serious risk is necessary for such a claim and the facts alleged cannot be plausibly read to state a claim, claims against these Defendants must also be dismissed pursuant to Superior Court Rule 12(b)(6).

**Mr. Eskridge's State Law Claims are Barred by Sovereign Immunity**

Here, Mr. Eskridge alleges personal injury including nerve damage, blurred vision, and muscle spasms caused by the callous indifference of the Defendants. He does not specify whether he sues the Defendants in their official or personal capacities. However, he identifies them all by rank in the caption, and further as employees of the State in the body of the Complaint. In this regard, Mr. Eskridge claims that MCCC staff did not provide him timely medical care or remove him from the facility despite a carbon monoxide leak.

Here, his State law personal injury claim against all Defendants must also be dismissed. Specifically, they are barred pursuant to sovereign immunity and would further be barred by the State Tort Claims Act.[23]

The Delaware Constitution, in Article I, section 9, provides sovereign immunity to the State, which is "an absolute bar to all suits against the State unless by legislative act the General Assembly has waived the immunity."[24] In this case, all allegations in the Complaint involve claims that the Defendants' acts and omissions were directly related to their duties as State employees. Accordingly, unless waived, sovereign immunity bars Mr. Eskridge's State law personal injury claims against them.[25]

In order for a plaintiff to prevail in a suit against the State, a plaintiff must show that: (1) the State has waived the defense of sovereign immunity for each claim, and (2) the State Tort Claims Act does not separately bar the action.[26] In this regard, there are two ways by which the State, through the General Assembly,

---

[23] 10 *Del. C.* § 4001. The Delaware Supreme Court has held that "[g]rossly negligent acts *per se* and the State Tort Claims Act come into play only **after** an express intent to waive sovereign immunity has been identified." *State v. Shepphard*, 864 A.2d 929, 2004 WL 2850060, at *1 (Del. 2004)(Table)(emphasis added).

[24] *Doe v. Cates,* 499 A.2d 1175, 1176 (Del. 1985).

[25] *See Hafer v. Melo*, 502 U.S. 21, 24–25 (1991) (recognizing in terms of Federal sovereign immunity that "[s]uits against state officials in their official capacity . . . should be treated as against the State"); *see also* 63C *Am.Jur.2d Public Officers and Employees* § 303 (2017) (recognizing that "[w]here the charged act arose out of the state employee's breach of a duty that is imposed on him or her solely by virtue of state employment, sovereign immunity bars maintenance of the action")

[26] *Pauley v. Reinoehl*, 848 A.2d 569, 573 (Del. 2004).

may waive immunity: either by procuring insurance coverage under 18 *Del. C.* § 6511 for each claim, or by statute which waives immunity through express language.[27]

Here, Mr. Eskridge fails to allege any waiver of immunity enacted by the General Assembly or procurement of insurance coverage that would be necessary to subject these state officials to such claims. His unspecified state law claims are therefore barred because he does not allege "a clear and specific waiver of sovereign immunity by the State."[28]

Furthermore, independently, his claims would also be barred by the State Tort Claims Act in this case even if there were a valid waiver. The Act provides that a plaintiff's claim is barred unless he or she can demonstrate the absence of one of the following three elements: (1) the action arose out of or in connection with an official duty of the defendant; (2) the defendant's action or omission was done in good faith, or (3) the act or omission was done without gross or wanton negligence.[29] The majority of prior litigation regarding the Act focuses on the third element. Namely, it includes situations where the plaintiff alleges that a defendant acted with gross negligence.

Here, Mr. Eskridge's complaint does not allege the absence of any of the elements that would permit his claim to progress. He makes a conclusory allegation that the Defendants acted recklessly, which the Court interprets as an allegation that they were also grossly negligent. However, Mr. Eskridge does not plead gross negligence with particularity as required by Delaware Superior Court Rule 9. Namely, that Rule requires that "[i]n all averments of . . . negligence, . . .,

---

[27] *Smith v. Bunkley*, 2016 WL 4146449, at *3 (Del. Super. Ct. Aug. 3,2016) (citing *J.L. v. Barnes*, 33 A.3d 902, 913 (Del. Super. Ct. 2011)).
[28] *Hartmann v. Sibbold,* 2010 WL 3397482, at *1 (Del. Super. Aug. 30, 2010); *but see Sherman v. State*, 133 A.3d 971, 975–978 (Del. 2016) (discussing the effect of State self-insurance for law enforcement professional liability). However, the State self-insurance program has not been alleged to apply to the case at hand.
[29] 10 *Del.C.* § 4001.

the circumstances constituting . . . negligence . . . shall be stated with particularity."[30]

In reviewing the claim against the four supervisory level employees, the Complaint is devoid of facts touching on their alleged negligence, much less their gross negligence or recklessness. Furthermore, with regard to the two correctional officer defendants alleged to have direct involvement, there are no facts plead that would permit the Court to infer that the two employees' conduct constituted an extreme departure from the duty of care owed Mr. Eskridge. As discussed above, the complaint alleges that the officers suspected the inmates of drug use, and when the officers, who were also within the facility, began feeling ill, they immediately called emergency personnel and the building was evacuated. Accordingly, even if sovereign immunity were found waived in this instance, the complaint is properly dismissed pursuant to Rule 12(b)(6) because Mr. Eskridge failed to sufficiently plead that any of the defendants were grossly negligent, or in the alternative, that another element required by the State Tort Claims Act was missing.

## CONCLUSION

For the reasons discussed, Mr. Eskridge's complaint is hereby DISMISSED pursuant to Superior Court Rule 12(b)(6).

**IT IS SO ORDERED.**

/s/Jeffrey J Clark

---

[30] Super. Ct. Civ. R. 9(b).